## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Cheryl Keyser-Bomar  :
    :
    :
v.   :   Civil No. CCB-15-573
    :
    :
Alba Law Group, P.A.   :
    :

### MEMORANDUM

Plaintiff Cheryl Keyser-Bomar ("Bomar") sues The Alba Law Group, P.A. ("Alba Law"), claiming that Alba Law violated the Maryland Consumer Debt Collection Act ("MCDCA") and the Fair Debt Collection Practices Act ("FDCPA") by improperly pursuing a foreclosure based on a due-on-sale clause and by sending a letter directly to her in an attempt to collect a debt when she was represented by counsel. She seeks actual damages, costs, and attorney's fees. Alba Law has filed a motion for summary judgment. For the reasons stated below, the defendant's motion will be granted in part and denied in part.

### BACKGROUND

On April 29, 2004, Bomar and her husband entered into a deed of trust for 14507 High Rock Road in Cascade, Maryland ("Cascade property"). (Deed of Trust, Compl. Ex. A, ECF No. 1-2.) That same day, the plaintiff's husband signed a promissory note secured by the Cascade property. (Promissory Note, Compl. Ex. B, ECF No. 1-3.) Bomar did not sign the note. (*Id.*) Her husband died in 2008, and she continued to make monthly mortgage payments without issue until 2013. (Bomar Dep. 15-16, Mot. Summ. J. Ex. A, ECF No. 25-3.)

The parties dispute whether Bomar missed the loan payment due on February 1, 2013, when PNC Bank, N.A. ("PNC") was the loan servicer. (Dorothy Thomas Aff. ¶ 7, Mot. Summ. J.

1

Ex. C, ECF No. 25-5.) On March 1, 2013, Bomar submitted a payment of $1,045, which PNC

applied to the payment that was due on February 1. (*Id.*) The plaintiff has provided

documentation that her last loan payment was received on March 1, 2013, and it was applied to

the February 1 payment period. (Notice of Intent to Foreclose, Compl. Ex. C, ECF No. 1-4.)

On March 2, 2013, the loan was placed into default status. (*Id.*) Alba Law contends that

because the only payment PNC received during March 2013 was applied to the payment that had

been due on February 1, Bomar missed the loan payment due on March 1, 2013. Bomar alleges

she was told in March that PNC would not accept payments from her because she was not a note

holder on the Cascade property, and when she tried to assume responsibility on the note, PNC

demanded payment of the note in full. (Compl. ¶ 13.) She testified that she sent a check for her

monthly mortgage payment in April 2013, and that check was returned to her. (Bomar Dep. 16.)

On November 21, 2013, the substitute trustees for the Cascade property, represented by

Alba Law, began foreclosure proceedings on the property. (Electronic Docket, Compl. Ex. D,

ECF No. 1-5.) At that time, the balance owed on the note was $160,976.47. (Aff. Debt, Compl.

Ex. E, ECF No. 1-6.) On March 10, 2014, the substitute trustees sold the Cascade property at

auction for $165,524.52 to Deutsche Bank Trust Company Americas. (Report of Sale, Compl.

Ex. F, ECF No. 1-7.) Afterwards, Bomar filed exceptions to the sale. (Exceptions to Foreclosure

Sale, Mot. Summ. J. Ex. B, ECF No. 25-4.)

On August 28, 2014, the Circuit Court for Washington County, Maryland, ordered that

the foreclosure sale be set aside because it was performed in bad faith and in violation of federal

banking regulations. (Circuit Court Order 5, Compl. Ex. I, ECF No. 1-10.) Specifically, the court

determined that the plaintiff did not miss payments, but PNC "refused to accept her payments

because her name was not on the promissory note despite her taking title to the property by

operation of law." (*Id*.) Additionally, "[r]equiring her to pay the note in full by the due-on sale

clause as a result of her husband's death directly contradicts the mandates of federal regulation."

(*Id*. at 4.)

On January 22, 2015, Alba Law sent a letter directly to Bomar. (Alba Law Letter, Pl.'s

Opp'n Ex. 2, ECF No. 26-2.) The letter explained that Alba Law represented PNC, that Bomar

had defaulted on the loan, and that Alba Law had been instructed to institute foreclosure

proceedings. (*Id*.) The amount due on the loan at that time was $179,532.23. (*Id*.)

Bomar subsequently filed suit against PNC and Alba Law in this court in February 2015.

On October 2, 2015, the Court of Special Appeals of Maryland reversed the Circuit Court for

Washington County, holding that the plaintiff's post-sale exception to the foreclosure sale, based

on her allegation that PNC violated federal regulations by utilizing the due-on-sale clause, could

not be used to challenge the foreclosure proceeding because it was not timely. (Court of Special

Appeals Opinion 4, Mot. Summ. J. Ex. D, ECF No. 25-6.)  The court determined that Bomar

knew of the alleged improper basis for the foreclosure prior to the sale, and "[i]mproprieties in

the larger foreclosure process that occur before the sale and are known to the homeowner prior to

the sale must be raised pre-sale." (*Id*. at 11.)

The plaintiff and PNC reached an agreement that resolved their claims in this lawsuit,

and this court dismissed this matter with prejudice as to PNC on February 23, 2016. (February

23, 2016 Order, ECF No. 37.) Now at issue are Bomar's claims against Alba Law for allegedly

violating the MCDCA and FDCPA.

## ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted

"if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

I.    MCDCA

The plaintiff claims that Alba Law attempted to collect a debt arising from the mortgage on her home despite knowing that the loan was wrongly in default due to PNC's refusal to accept Bomar's payment. The MCDCA prohibits debt collectors from "claim[ing], attempt [ing], or threaten[ing] to enforce a right with knowledge that the right does not exist[.]" Md. Code Ann., Comm. Law, § 14-202(8). "This has been held to mean that a party may not attempt to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right." *Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F.Supp.2d 471, 475 (D. Md. 2004) (citing *Spencer v. Hendersen-Webb, Inc.*, 81 F.Supp.2d 582, 595 (D. Md. 1999)).

The parties dispute whether the plaintiff made timely monthly payments, whether PNC improperly rejected her last payment, and whether PNC exercised an acceleration clause in the note because the plaintiff's husband had died. (Thomas Aff. ¶¶ 7-13; Bomar Aff. ¶¶ 3-6, Pl.'s Opp'n Ex. 1, ECF No. 26-1.)[1] Nevertheless, the plaintiff's MCDCA claim fails because she has not alleged any facts to demonstrate that Alba Law knew or recklessly disregarded that the right to initiate a foreclosure sale did not exist. Prior to the foreclosure proceeding, a PNC representative submitted an affidavit averring that Bomar owed the remaining balance on her mortgage. (Aff. Debt.) Unlike *Kouabo*, where the court found there was a genuine issue of material fact as to whether the lender's attorneys acted recklessly by suing a borrower because the attorneys "acted out of the blue in filing suit against [the borrower] – never checking with [the lender] as to the status of [the borrower's] payments," here the evidence demonstrates that Alba Law received information from PNC that the plaintiff had defaulted on her mortgage before it began foreclosure proceedings. *See Kouabo*, 336 F.Supp.2d at 476. Therefore, Alba Law did not attempt to enforce a right with knowledge that the right did not exist, and the court will grant Alba Law's motion for summary judgment on the plaintiff's MCDCA claim.[2]

II.     FDCPA

Bomar has sued Alba Law for violating the FDCPA by sending her the January 22 letter in an attempt to collect on the debt, despite knowing she was represented by counsel. The FDCPA prohibits a debt collector from communicating with a consumer in connection with the

---

[1] Although Alba Law argues that the plaintiff's affidavit is a "sham affidavit," the court does not find that it contradicts her prior deposition testimony to such an extent that the court cannot consider it. Notably, Bomar testified that she thought, but was not certain, that PNC refused her payment and accelerated her loan because her husband had died. (Bomar Dep. 19, 72-74.)

[2] Bomar also claims that Alba Law violated the MCDCA by attempting to collect on the debt via direct communication with her. "[T]he MCDCA does not prohibit debt collectors from communicating with a represented party." *Madden v. Edward S. Cohn, LLC*, No. 14-395, 2014 WL 7188823, at *3 (D. Md. Dec. 16, 2014) (citing Md. Code Ann., Comm. Law, § 14-202). Therefore, this claim will be dismissed.

collection of a debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt" and the attorney's contact information is readily available. 15 U.S.C. § 1692c(a)(2).

Alba Law admits that it sent the January 22 letter directly to Bomar and knew that she was represented by an attorney with respect to the mortgage loan in the foreclosure action. At the time Alba Law sent the letter, the circuit court's order setting aside the foreclosure sale was pending on appeal. Despite knowing this, the defendant claims that it did not violate the FDCPA because it sent the letter in a new foreclosure proceeding that was separate from the initial foreclosure proceeding. Alba Law cites *Udell v. Kan. Counselors, Inc.*, 313 F.Supp.2d 1135, 1141-42 (D. Kan. 2004) for the proposition that a debt collector does not violate the FDCPA by directly contacting a consumer regarding newly-assigned debts even if the debt collector knows that the consumer was represented by an attorney with respect to previous debts. This case, however, does not involve a newly-assigned debt, but instead involves the same debt that was the subject of the initial foreclosure proceeding. The defendant cites no authority to support its argument that it is insulated from liability by initiating a new foreclosure proceeding involving the same debt at issue in the earlier foreclosure proceeding for which it knew the consumer had retained an attorney. Because Alba Law knew that Bomar was represented by an attorney with respect to the mortgage loan during the foreclosure proceeding, the court will deny the defendant's motion for summary judgment on the FDCPA claim.

III.     Damages

Alba Law asks this court to award only minimal statutory damages if it finds that the defendant violated the FDCPA. The FDCPA provides three types of damages: (1) actual damages, (2) statutory damages not to exceed $1,000, and (3) costs plus a reasonable attorney's

fee. 15 U.S.C. § 1692k(a). In determining the amount of statutory damages under § 1692k(a)(2)(A), the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" *Id*. § 1692k(b)(1). While Alba Law is likely correct that any damage award should be limited in light of the technical nature of the violation, the court is not prepared to resolve this question on the present record. Counsel are urged to attempt to resolve this question among themselves. If that is not possible, a hearing will be scheduled.

## CONCLUSION

For the reasons stated above, the defendant's motion will be granted in part and denied in part.

A separate order follows.

May 17, 2016                                                    /S/
Date                                                    Catherine C. Blake
                                                    United States District Judge